UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HEHRER, as Personal Representative
of the Estate of Joseph Hehrer, deceased,

                   Plaintiff,               Case No. 1:20-cv-1079

v.                                         Hon. Janet T. Neff

CLINTON COUNTY, *et al.*,

                   Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.      Background

On November 9, 2020, plaintiff Rhonda Hehrer, Personal Representative for the Estate of Joseph Hehrer, deceased, filed this complaint seeking damages related to the death of Joseph Hehrer (sometimes referred to as "Mr. Hehrer" or the "decedent"). Plaintiff alleged a number of claims against 17 named defendants and seven unknown "Doe" defendants. For purposes this report, defendants Clinton County, Clinton County Sheriff Lawrence Jerue, Jail Administrator Thomas Wirth, and the 12 sergeants and officers working at the jail will be referred to collectively as the "Clinton County Defendants." Defendants Advanced Correctional Healthcare, Inc. ("ACH"), Dr. Daryl Tyrone Parker, Nurse Wendy Lynn Freed, and Nurse Dawn Thelen will be referred to collectively as the "ACH defendants." Finally, defendants Edward W. Sparrow Hospital Association (sometimes referred to as "Sparrow Hospital"), Kimberlee Chesney, M.D., Wendy Embs, R.N., and Amarily Mendez, R.N. will be referred to as the "Sparrow Defendants".

1

Mr. Hehrer was involved in a motor vehicle accident on January 18, 2019.  Compl.

(ECF No. 1, PageID.13).  He suffered injuries and was taken to the Emergency Department at a

facility operated by defendant Sparrow Hospital.  *Id*. at PageID.14.  While he was being treated at

the Emergency Department, "[d]iagnostic studies revealed the presence of elevated plasma glucose

(275 mg/dL) and urinary glucose."  *Id*.  Plaintiff alleged that,

> Despite these findings, Mr. Hehrer's attending medical staff, including, but
> not limited to, Dr. Kimberlee Chesney, M.D., Wendy Embs, R.N., and Amarily
> Mendez, R.N., failed to inform Mr. Hehrer of this abnormality, or instruct Mr.
> Hehrer relative to proper follow-up care for hyperglycemia.  Mr. Hehrer was
> prescribed no medication for this condition and was only instructed to follow-up
> "as needed" with a family medicine physician.

*Id*.

Mr. Hehrer was issued a misdemeanor citation for operating under the influence of

drugs, second offense, and failure to wear a seatbelt.  *Id*.  Five days after the accident, Clinton

County Sheriff Deputies arrested Mr. Hehrer and "booked [him] as inmate 68391 in the Clinton

County Jail for a probation violation and DUI related to the motor vehicle accident."  *Id*.

> Upon Mr. Hehrer's arrival to the Clinton County Jail, Officer Debra Lott
> completed a Jail Medical Screen History Report at 1551 hours on January 23, 2019.
> Having not been told of the elevated plasma and urinary glucose, Mr. Hehrer
> answered negatively to the questions: "Do you have a history of . . . diabetes . . . ?"
> and "Are you currently on any medications, for any reason?"

*Id*. at PageID.15.

After being held in the Clinton County Jail for more than one month, Mr. Hehrer

started reporting medical problems.  On or about March 1, 2019, Hehrer began exhibiting signs of

weakness.  *Id*. at PageID.16.  On or about March 4, 2019, Hehrer called his sister stating "'I've

been sick as fuck since Friday,' 'my body's weak as shit' and 'I can't hold any food down.'"  *Id*.

He also said that "I went and seen a nurse [sic], but they wanted to charge a shit load for meds, so

I'm just going to fight it out."  *Id*.  On March 5, 2019, Hehrer submitted a sick call request to jail

2

staff complaining of other symptoms (fever, queasiness, headaches, heartburn, and vomiting).  *Id*.

After suffering symptoms over the next few days, Hehrer experienced a medical emergency on March 9, 2019.  PageID.26-37.  He was taken by ambulance to Sparrow Hospital, admitted to the critical care unit, diagnosed with diabetic ketoacidosis and septic shock, and died there on March 13, 2019.  *Id*. at PageID.36-38.  Patrick Hansma, D.O. conducted an autopsy on March 14, 2019, which "concluded Mr. Hehrer's cause of death was the result of 'multisystem organ dysfunction due to diabetic ketoacidosis.'"  *Id*.

In Count I, plaintiff alleged that while Mr. Hehrer was being treated at the Emergency Department on January 18, 2019, defendants Dr. Kimberlee Chesney and Sparrow Hospital committed malpractice by, among other things, failing to identify symptoms of hyperglycemia, failing to order "follow-up care" to treat this condition, failed to inform Mr. Hehrer of this abnormality, and failed to "explain to Mr. Hehrer the significance of any such abnormalities."  *Id*. at PageID.55. In Count IV, plaintiff alleged that the "nursing staff" at Sparrow Hospital committed malpractice related to his diabetic ketoacidosis.  *Id*. at PageID.64-67.  Plaintiff did not allege any particular nurse in Count IV.  However, it appears that plaintiff's allegations refer to Wendy Embs, R.N., and Amarily Mendez, R.N.  *See id*. at PageID.11 (listing "Nurse Embs" and "Nurse Mendez" as defendants).

## II.    Discussion

This matter is now before the Court on the Sparrow Defendants' motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) based on lack of supplemental jurisdiction as defined in 28 U.S.C. § 1367 (ECF No. 12).  In their motion, the Sparrow Defendants contend that plaintiff's state law medical malpractice claims arising out of Mr. Hehrer's January 18, 2019 emergency room visit do not arise out of the same case or controversy as plaintiff's federal claim that the

Clinton County Defendants and the ACH Defendants violated Mr. Hehrer's constitutional rights while he was in the custody of the Clinton County Jail from January 23, 2019 through March 9, 2019.

The Sparrow Defendants seek dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id*. (internal citations omitted).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack."  *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  Here, the Sparrow Defendants' motion presents a facial attack, because they rely on the allegations set forth in the complaint.

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading.  When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. If those allegations establish federal claims, jurisdiction exists.

*Id*. (internal citations omitted).

Plaintiff filed this case in federal court based upon federal question jurisdiction.  *See* Compl. at PageID.2, citing 42 U.S.C. § 1983, 28 U.S.C. § 1331 (Federal question), and 28 U.S.C. 1343 (Civil rights and elective franchise).  Plaintiff's federal civil rights claim is brought pursuant to 42 U.S.C. § 1983 against the Clinton County Defendants and the ACH Defendants.  Counts V and VI (PageID.67-79) allege that the Clinton County defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments.  In

4

Count VII (PageID.79-84), plaintiff alleged that some of the Clinton County Defendants violated Mr. Hehrer's Eighth and Fourteenth Amendment rights by failing to train, failing to supervise, and having inadequate policies at the jail.   In Count VIII (PageID.84-90), plaintiff alleged that some of the Clinton County Defendants and the ACH Defendants violated Mr. Hehrer's Eighth and Fourteenth Amendment rights by failing to screen, failing to train, failing to supervise, and having inadequate policies at the jail.

The operative facts for this federal claim arise from the manner in which the Clinton County Defendants and the ACH Defendants treated Mr. Hehrer while he was in government custody from January 23, 2019, through March 9, 2013.   Plaintiff does not allege any federal claims against the Sparrow Defendants.  Rather, in Counts I and IV, plaintiff alleged that the Sparrow Defendants committed medical malpractice under state law for acts of negligence and professional negligence in treating Mr. Hehrer on January 18, 2019.  This court has supplemental jurisdiction over certain state law claims pursuant to 28 U.S.C. § 1367, which provides in pertinent part that,

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

The Sparrow Defendants contend that this Court lacks supplemental jurisdiction because their actions on January 18, 2019, do not form part of the "same case or controversy" as the federal claims alleged against the Clinton County Defendants and the ACH Defendants. The Court agrees.

> [T]his Court has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' "

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997).

The operative facts for the federal claims arise from the Clinton County Defendants and the ACH Defendants' treatment of Mr. Hehrer while he was in government custody from January 23, 2019, through March 9, 2019. In her federal claims, plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff has alleged deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments. The Court views these claims, as well as the related claims that Clinton County had policy amounting to deliberate indifference and that some defendants failed to train employees in dealing with medical conditions, as brought under the Fourteenth Amendment because Mr. Hehrer was a pre-trial detainee.[1] It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference"

---

[1] Plaintiff was arrested on January 23, 2019 and booked at the jail "for a probation violation and DUI related to the motor vehicle accident on January 18, 2019." Compl. at PageID.14. "As a result of Mr. Hehrer's DUI, he was issued a $500 cash or surety bond in the Clinton County District Court by Magistrate Nicole Maneval. However, due to Mr. Hehrer's probation violation, Judge Michelle Rick in the Clinton County Circuit Court issued a no bond [sic]." *Id*. at PageID.15.

to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). "Pretrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Thus, "[w]hether a convicted prisoner or a pretrial detainee, deliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Id.  See Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) ("[a]lthough the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well") (internal citation omitted).

A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering such a claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8-9. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*  at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a

7

medical condition does not constitute an Eighth Amendment violation.  *Id.* at 835. "It is obduracy

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

by the Cruel and Unusual Punishments Clause."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In her response, plaintiff states that the death of Mr. Hehrer is the "common nucleus

of operative fact" connecting the malpractice claims against the Sparrow Defendants to the federal

claims against the Clinton County Defendants and the ACH Defendants.  Plaintiff continues:

> Defendant's statement of facts, in the very first sentence, acknowledges that, "This
> case arises out of the March 13, 2019 death of plaintiff's decedent, Joseph Hehrer."
> (ECF No.22, PageID.345) The death of Mr. Hehrer gives rise to both the 42 U.S.C.
> § 1983 claims and the medical malpractice. Both the 1983 claims and the medical
> malpractice claims arise out of medical care provided to Mr. Hehrer during a 54-
> day period from his being seen at the emergency room on January 18, 2019, to his
> death on March 13, 2019.

Plaintiff's Response (ECF No. 25, PageID.461).

The Court disagrees with plaintiff's contention that Mr. Hehrer's death is the

"common nucleus of operative fact" connecting the Sparrow Defendants to the federal claims.  The

malpractice claims against the Sparrow Defendants involve their treatment of Mr. Hehrer's injuries

sustained in an automobile accident on January 18, 2019, five days before his placement in

government custody.  After Mr. Hehrer arrived at Sparrow Hospital's Emergency Department,

"his condition improved as he became alert and oriented to person, place, time, and purpose."

Compl. at PageID.14.  According to plaintiff, the Sparrow Defendants failed to inform Mr. Hehrer

of an abnormality (the presence of elevated plasma glucose), failed to inform him of follow-up

care for hyperglycemia, prescribed no medication for this condition, and instructed him "to follow-

up 'as needed' with a family medicine physician."  *Id*. The operative facts in this malpractice claim

involve whether the Sparrow Defendants committed malpractice by failing to treat Mr. Hehrer for

elevated plasma and urinary glucose levels, and for failing to counsel him about these

abnormalities.   These facts are limited to a single Emergency Department visit; there is no allegation that Mr. Hehrer was admitted to the hospital for further treatment.  Given the plethora of facts alleged in plaintiff's 217-count complaint, the complaint is inexplicably silent as to what occurred during the five days which elapsed between plaintiff's visit to the Emergency Department (January 18, 2019) and his arrest (January 23, 2019).

   The federal claims before the Court involve whether the Clinton County Defendants and the ACH Defendants acted with deliberate indifference to Mr. Hehrer's serious medical needs while he was in the custody of Clinton County. To succeed on her claims against the Clinton County Defendants and the ACH Defendants, plaintiff must establish that each defendant met both the objective component and the subjective component of a deliberate indifference claim.  The operative facts in plaintiff's § 1983 claims are whether Mr. Hehrer had serious medical needs and whether jail personnel treated him with "obduracy and wantonness" from January 23, 2019, through March 9, 2019.  Plaintiff's federal claims are based on the alleged unconstitutional actions taken by the Clinton County Defendants and the ACH Defendants while Mr. Hehrer was under their custody and control.  Resolution of those claims does not rely on whether Sparrow Hospital's Emergency Department doctor and nurses were negligent in treating Mr. Hehrer on January 18, 2019, five days before Hehrer's arrest and incarceration.  Accordingly, supplemental jurisdiction does not exist with respect to plaintiff's medical malpractice claims against the Sparrow Defendants pursuant to 28 U.S.C. § 1367, and the Sparrow Defendants' motion to dismiss should be granted.

## III. RECOMMENDATION

   For these reasons, I respectfully recommend that the motion to dismiss filed by Edward W. Sparrow Hospital Association, Kimberlee Chesney, M.D., Wendy Embs, R.N., and

Amarily Mendez, R.N. (ECF No. 12) be **GRANTED** and that these four defendants be **DISMISSED**.

Dated:   June 15, 2021                              /s/ Ray Kent
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).