UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HEHRER, as Personal
Representative of the Estate of Joseph
Hehrer,

      Plaintiff,

v.

COUNTY OF CLINTON, et al.,

      Defendants.

_____/

Case No. 1:20-cv-1079

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff was appointed the personal representative of the estate of Joseph Hehrer ("the decedent") on April 2, 2019 (ECF No. 47-1) and initiated this case on November 9, 2020 with the filing of a Complaint under 42 U.S.C. § 1983 and this Court's federal-question jurisdiction (ECF No. 1). Plaintiff alleges eight claims against Defendants Clinton County, Clinton County Sheriff Lawrence Jerue, Jail Administrator Thomas Wirth, and the twelve sergeants and officers working at the jail (collectively "the Clinton County Defendants"); Defendants Advanced Correctional Healthcare, Inc. (ACH), Dr. Daryl Tyrone Parker, Nurse Wendy Lynn Freed, and Nurse Dawn Thelen (collectively "the ACH Defendants"); and Defendants Edward W. Sparrow Hospital Association ("Sparrow Hospital"), Dr. Kimberlee Chesney, Nurse Wendy Embs, and Nurse Amarily Mendez (collectively "the Sparrow Defendants"). Specifically, Plaintiff alleges state law medical malpractice claims against Dr. Chesney and Sparrow Hospital (Count I); Dr. Parker, the Clinton County Jail and ACH (Count II); Dr. Mashni (Count III); and Sparrow Hospital, ACH and

the Clinton County Jail (Count IV).  Plaintiff alleges deliberate indifference claims against the individual Clinton County Defendants (Count V) and the individual ACH Defendants (Count VI). Last, Plaintiff alleges *Monell* claims against Clinton County (Count VII) and ACH (Count VIII).

The Clinton County Defendants filed an Answer to Plaintiff's Complaint (ECF No. 13), but the Sparrow Defendants and the ACH Defendants filed motions to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12 (ECF Nos. 12 & 14).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court grant the Sparrow Defendants' motion (ECF No. 38); and a Report and Recommendation recommending that this Court grant in part and deny in part the ACH Defendants' motion (ECF No. 42).  The matter is presently before the Court on the parties' objections to the Reports and Recommendations.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

## I.      OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 38)

Plaintiff does not allege any federal claims against the Sparrow Defendants; rather, in Counts I and IV under this Court's supplemental jurisdiction, 28 U.S.C. § 1367, Plaintiff alleges that the Sparrow Defendants committed medical malpractice under state law when treating the decedent on January 18, 2019.  The Sparrow Defendants moved for dismissal under FED. R. CIV. P. 12(b)(1) arguing that their actions on January 18, 2019, five days before the decedent was placed in government custody, do not form part of the "same case or controversy" as the federal claims that Plaintiff alleged against the Clinton County Defendants and the ACH Defendants (ECF No.

12).  The Magistrate Judge agreed and issued a Report and Recommendation (ECF No. 38), recommending that this Court grant the Sparrow Defendants' motion to dismiss.

In her objections to the Report and Recommendation, Plaintiff argues that the Magistrate Judge failed to properly apply a common-nucleus-of-operative-facts analysis and instead focused on the elements necessary to sustain each cause of action (Pl. Obj., ECF No. 39 at PageID.543-544).  Plaintiff's argument is belied by this Court's review of the Report and Recommendation. The Magistrate Judge thoroughly analyzed the facts supporting each claim and properly applied the relevant law.  Plaintiff's argument does not provide a basis for rejecting the Report and Recommendation.  Accordingly, this Court denies the objections and adopts the Magistrate Judge's Report and Recommendation (ECF No. 38) as the Opinion of this Court.

## II.        OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 42)

Plaintiff alleges four claims against the ACH Defendants in Counts II, IV, VI and VIII. The ACH Defendants moved to dismiss the claims against them pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 14).  The Magistrate Judge recommends that their motion be granted in part and denied in part (ECF No. 42).  In her objections, Plaintiff makes essentially two challenges to the Report and Recommendation (ECF No. 48), to which the ACH Defendants filed a response (ECF No. 49).  In their objections, the ACH Defendants present one argument for the Court's review (ECF No. 47).  Plaintiff did not file any response to the ACH Defendants' objections.

### A.        Plaintiff's Objections (ECF No. 48)

1.     <u>Deliberate Indifference Claims</u> (Counts VI & VIII)

In Count VI, Plaintiff alleges that Dr. Parker and Nurses Freed and Thelen were deliberately indifferent to the decedent's serious medical needs during two distinct periods of time:

3

(1) from January 23, 2019 through February 28, 2019; and (2) from March 1, 2019 through March 9, 2019 (ECF No. 1 at PageID.14-38, 73-79).  In Count VIII, Plaintiff alleges that the acts and omissions of the three individual ACH Defendants plausibly allege a *Monell* claim against ACH where "ACH's policy and/or custom of failing to staff, screen, train and/or supervise its employees were a 'moving force' behind the deprivation of Mr. Hehrer's Eighth and Fourteenth Amendment Rights to be free from inhumane treatment while incarcerated" (*id.* at PageID.87).

In her objections, Plaintiff argues that the Magistrate Judge "failed to fully consider applicable law or the full body of the complaint" in recommending that this Court dismiss Counts VI and VIII (ECF No. 48 at PageID.603-608).  According to Plaintiff, "the Complaint provides ample basis under the law for inferring that each individual defendant, and therefore ACH, knew that a substantial risk of harm existed with respect to Mr. Hehrer's condition and failed to act, causing his death" (*id.* at PageID.603).

With regard to the first timeframe, Plaintiff's argument is misplaced.  The Magistrate Judge determined that Plaintiff's Complaint fails to allege a sufficiently serious medical need to support a 14th Amendment claim from January 23, 2019 through February 28, 2019 (ECF No. 42 at PageID.563).  The Magistrate Judge did not address the subjective component of Plaintiff's claim.  Therefore, Plaintiff's argument does not identify any error by the Magistrate Judge with regard to the first timeframe.

Plaintiff's argument with regard to the second timeframe is belied by this Court's review of the Report and Recommendation.  The Magistrate Judge thoroughly considered the factual allegations against each of the three individual ACH Defendants, setting forth the facts and citing the medical records as quoted in the Complaint (ECF No. 42 at PageID.564-569).  First, the Magistrate Judge determined that Plaintiff's allegations fail to allege sufficient facts to

4

demonstrate the subjective component of a deliberate indifference claim against Dr. Parker. Specifically, the Magistrate Judge determined that "[t]he record reflects that Dr. Parker had limited interaction with Mr. Hehrer and provided him with medical treatment to address his symptoms, primarily vomiting" (*id.* at PageID.568).  Second, the Magistrate Judge determined that Plaintiff's allegations fail to allege sufficient facts to demonstrate the subjective component of a deliberate indifference claim against Nurse Freed.  Specifically, the Magistrate Judge indicated that he did not infer from Plaintiff's allegations that Nurse Freed was not observing Plaintiff's condition on March 6 and March 8, 2019; rather, Plaintiff alleged that Freed made "a number of notations with respect to Hehrer's condition" (*id.*).  Last, the Magistrate Judge determined that Plaintiff's allegations fail to allege sufficient facts to demonstrate the subjective component of a deliberate indifference claim against Nurse Thelen.  Specifically, the Magistrate Judge determined that "it was LPN Thelen's evaluation of Hehrer which led to the 911 call" (*id.* at PageID.569). As to each Defendant, the Magistrate Judge concluded that Plaintiff's allegations did not describe either "obduracy or wantonness in treating Hehrer, nor exhibit a mental state equivalent to criminal recklessness" (*id.* at PageID.568-569).

Plaintiff's argument serves to demonstrate her general disagreement with the result reached by the Magistrate Judge, but her argument does not identify any factual or legal error by the Magistrate Judge in the Magistrate Judge's careful application of the legal standard to the allegations in Plaintiff's Complaint.  Accordingly, Plaintiff's argument concomitantly fails to identify any error by the Magistrate Judge in recommending dismissal of the *Monell* claim against ACH in Count VIII.

2.    <u>State Law Medical Malpractice Claims</u> (Counts II & IV)

Plaintiff argues that the Magistrate Judge erred in recommending dismissal of her state law medical malpractice claims against Dr. Parker in Count II and against Nurses Freed and Thelen in Count IV (ECF No. 48 at PageID.608-610).  According to Plaintiff, "the Complaint states a valid Michigan medical malpractice claim against Defendant Dr. Parker as it puts Dr. Parker on reasonable notice of the claims against him" (*id.* at PageID.608).  Plaintiff argues that she also stated plausible medical malpractice claims against Nurses Freed and Thelen (*id.* at PageID.609-610).  Plaintiff opines that the Magistrate Judge again "chooses to ignore the facts as set forth in total in the Complaint where and affidavit of merit with respect to favorably viewing Plaintiff's allegations" (*id.* at PageID.609).

The Magistrate Judge determined that Plaintiff's allegations against Dr. Parker in Count II were "deficient" inasmuch as the Complaint does not allege "with reasonable definiteness and certainty" either (1) the duty which Dr. Parker owed to treat the decedent for diabetic ketoacidosis and septic shock commencing on January 23, 2019, when the decedent had "no history of diabetes, took no medication, and exhibited no symptoms"; or (2) how Dr. Parker breached his duties owed to the decedent on March 6 and March 8, 2019 (R&R, ECF No. 42 at PageID.576).  The Magistrate Judge also determined that Plaintiff's allegations against Nurses Freed and Thelen in Count IV lacked "facial plausibility" where Plaintiff set out "an omnibus claim against all nurses and medical staff who might have had contact with Mr. Hehrer," "without identifying any particular defendant or any particular conduct" (R&R, ECF No. 42 at PageID.577).  Plaintiff's brief and conclusory argument to the contrary fails to demonstrate any factual or legal error by the Magistrate Judge in his analysis.

**B.      The ACH Defendants' Objections (ECF No. 47)**

In their objections, the ACH Defendants present only one argument for this Court's review. The ACH Defendants argue that while the Magistrate Judge properly concluded that Plaintiff's Complaint and accompanying affidavit of merits were deficient and should be dismissed, the Magistrate Judge erred in recommending that the dismissal of the state medical malpractice claims should be "without prejudice" to Plaintiff amending her claims with respect to the actions of the individual ACH Defendants on or after March 1, 2019 (ECF No. 47 at PageID.592).  According to the ACH Defendants, state law requires that the medical malpractice claims be dismissed *with* prejudice (*id.*, citing *Scarsella v Pollak*, 607 N.W.2d 711, 713 (Mich. 2000)).

The ACH Defendants' argument lacks merit.

In *Scarsella*, 607 N.W.2d at 712-13, the plaintiff wholly omitted to include an affidavit of merit with his medical malpractice complaint as required under MICH. COMP. LAWS § 600.2912d, and the Michigan Supreme Court held that the complaint alone was "'insufficient to commence the plaintiff's malpractice action'" and insufficient to toll the limitations period.  *Cf. Progress Michigan v. Att'y Gen.*, 954 N.W.2d 475, 490 (Mich. 2020) (McCormack, C.J., concurring) (proposing to overrule *Scarsella* and hold that "unless clearly stated otherwise, a statute of limitations or repose is tolled '[a]t the time the complaint is filed,' as MCL 600.5856(a) says"). However, the Michigan Supreme Court has held that a deficient affidavit of merit suffices to toll the limitations period "until the validity of the affidavit is successfully challenged in 'subsequent judicial proceedings.'"  *Kirkaldy v. Rim*, 734 N.W.2d 201, 203 (Mich. 2007).  "[A] successful challenge will cause the affidavit to lose its presumption of validity and cause the period of limitations to resume running."  *Id.*  Accordingly, the ACH Defendants' argument does not support rejection of the Magistrate Judge's recommendation.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 39) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 38) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 12) is GRANTED for the reasons stated in the Report and Recommendation (ECF No. 38), and Defendants Edward W. Sparrow Hospital Association, Kimberlee Chesney, M.D., Wendy Embs, R.N., and Amarily Mendez, R.N. are DISMISSED from this action.

**IT IS FURTHER ORDERED** that the Objections (ECF Nos. 47 & 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 42) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 14) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation (ECF No. 42), as follows:

    A.  The motion is GRANTED as to the 14th Amendment claims alleged against Defendants Dr. Parker and Nurses Freed and Thelen in Count VI.

    B.  The motion is GRANTED as to the 14th Amendment claims alleged against Defendant ACH in Count VIII, and ACH is DISMISSED from this action.

    C.  The motion is DENIED to the extent it seeks dismissal for improperly incorporating a wrongful death claim for damages under Michigan's Wrongful Death Statute, MICH. COMP. LAWS § 600.9222 within a claim brought pursuant to 42 U.S.C. § 1983.

    D.  The motion is GRANTED WITHOUT PREJUDICE as to the medical malpractice claims alleged against Defendant Dr. Parker in Count II.  The Court will allow Plaintiff 21 days from the date of this Opinion and Order to amend her medical malpractice claim against Dr. Parker with respect to his actions on or after March 1, 2019.

E.  The motion is GRANTED WITHOUT PREJUDICE as to the medical malpractice claims alleged against Defendants Freed and Thelen in Count IV. The Court will allow Plaintiff 21 days from the date of this Opinion and Order to amend her medical malpractice claim against Defendants Freed and Thelen with respect to their actions on or after March 1, 2019.


Dated:  September 15, 2021

/s/ Janet T. Neff

JANET T. NEFF
United States District Judge