# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

RHONDA HEHRER, as Personal Representative
of the Estate of Joseph Hehrer, Deceased,

<div style="text-align: right;">

Case No: 1:20-cv-01079
Hon. Judge Janet Neff
Magistrate Judge Ray S. Kent

</div>

     Plaintiff,

v.

CLINTON COUNTY, et al.

     Defendants.

---

| | |
|---|---|
| VAHDAT WEISMAN, PLC<br>Kara E. Weisman (P80837)<br>Attorney for Plaintiff<br>17197 N. Laurel Park Drive, Ste. 500<br>Livonia, MI 48152<br>(313) 949-3548<br>kara@thevwlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman, Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Attorneys for Advanced Correctional<br>Healthcare, Inc.; Wendy Lynn Freed, L.P.N.;<br>Daryl Tucker Parker, M.D.; and Dawn<br>Thelen, L.P.N. |
| CIESLAK LAW, PLLC<br>Daniel W. Cieslak (P75184)<br>Attorney for Plaintiff<br>2833 Crooks Road, Ste. 104<br>Troy, MI 48084<br>(248) 825-4554<br>daniel@cieslaklaw.com | 1441 W. Long Lake Rd. Ste. 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.comg<br>dscarber@chapmanlawgroup.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC<br>Timothy S. Ferrand (P39583)<br>Attorney for Clinton County, Jerue, Wirth,<br>Faggions, Burdick, Bashore, Stout, Becker,<br>Officers Jane Does 1-2 and Officers John<br>Does 1-5<br>19176 Hall Road, Suite 220<br>Clinton Township, MI 48038<br>(586) 228-5600<br>tferrand@cmda-law.com | HALL MATSON, PLC<br>Marcy R. Matson (P49758)<br>Sandra J. Lake (P54288)<br>Attorneys for Sparrow, Chesney, Embs, &<br>Mendez<br>1550 Watertower Place, Ste. 200<br>East Lansing, MI 48823<br>(517) 853-2929<br>mmatson@hallmatson.law<br>slake@hallmatson.law |

---

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC; DARYL
TYRONE PARKER, M.D.; WENDY LYNN FREED, L.P.N.; AND DAWN THELEN,
L.P.N.'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S (SECOND)
AMENDED COMPLAINT (ECF NO. 53) AGAINST THEM PURSUANT TO FED. R.
CIV. P. 12(F)(2), FED. R. CIV. P. 41(B), AND FED. R. CIV. P. 12(B)(6)**

NOW COME Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC.; DARYL TYRONE PARKER, M.D.; WENDY LYNN FREED, L.P.N.; AND DAWN THELEN, L.P.N. (hereinafter "ACH Defendants", by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Strike and/or Dismiss Plaintiff's (Second) Amended Complaint (**ECF No. 53**) Against Them Pursuant to Fed. R. Civ. P. 12(f)(2), 41(b), and 12(b)(6), state as follows:

1. On September 15, 2021, this Honorable Court issued its Opinion and Order denying all objections and adopting the Magistrate Judge's July 29, 2021 Report and Recommendation regarding ACH Defendants' Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). (**ECF No. 50, PageID.640-641**).

2. Per the Court's September 15, 2021 Order, any and all 14th Amendment claims of deliberate indifference against the ACH Defendants were dismissed.  The only claims upon which Plaintiff is allowed to proceed are state medical malpractice claims against Dr. Parker, LPN Freed, and LPN Thelen for claims on or after March 1, 2019. (***Id.***). The court further ordered that Plaintiff file an Amended Complaint that conformed with its order within twenty-one (21) days. (***Id.***) (i.e., by October 6, 2021).

3. On October 6, 2021, Plaintiff filed her First Amended Complaint in this matter (**ECF No. 51, PageID.642**), in which she violated the Court's September 15, 2021 Order by attempting to reinstate her claims against another Defendant (Dr. Mashni) who had previously been dismissed. (See **ECF No. 51, PageID.642, 644, 650**). Plaintiff included Dr. Mashni's name in the caption of her Complaint, making it fairly easy for the court to identify Plaintiff's violation. Therefore, on October 12, 2021, this Honorable Court entered an order *sua sponte* striking Plaintiff's First Amended Complaint pursuant to Fed. C. P. 12(f)(1) and reiterating to Plaintiff

2

that she must file an Amended Complaint that conforms with the Court's order within seven (7) days (i.e., by October 19, 2021) (See **ECF No. 52, PageID.732**).

4. On October 19, 2021, Plaintiff filed her Second Amended Complaint against Defendants Advanced Correctional Healthcare, Inc ("ACH"); Daryl Tyrone Parker, M.D. ("Dr. Parker"); Wendy Lynn Freed, L.P.N. ("LPN Freed"); and Dawn Thelen, L.P.N. ("LPN Thelen") (collectively "ACH Defendants"), still alleging numerous constitutional 14th Amendment claims of deliberate indifference against the ACH Defendants. (**ECF No. 53, PageID.757-761,770,772,774,777,778**).

5. Plaintiff has previously argued to this Court that all of the allegations throughout her Complaints must be read in a "comprehensive" manner, including those contained in her "factual allegations" and "general allegations" in order to determine what her claims are against these Defendants. She has argued that all allegations in her Complaint collectively establish her claims. (See Plt. Resp. to ACH Defs. Mtn. to Dismiss, **ECF 18, PageID.297,298,301**). (See also Plt. Objection to R&R, **ECF No. 48, PageID.603**)

6. For the reasons set forth in the herein motion, Plaintiff's Second Amended Complaint (**ECF No. 53, PageID.734-823**) (1) states insufficient, redundant, immaterial, and impertinent claims pursuant to Fed. R. Civ. P. 12(f)(2), (2) violates this Court's September 15, 2021 Order which dismissed any and all deliberate indifference claims against the ACH Defendants pursuant to Fed. R. Civ. P 41(b), (3) violates this Court's October 12, 2021 Order which reiterated to Plaintiff that she must comply with the Court's prior order and file a pleading that conforms to the scope of the leave granted within seven (7) days (now her second violation of Fed. R. Civ. P 41(b)), and (4) fails to state a claim upon which relief can be granted as a matter of law

3

pursuant to Fed. R. Civ. P. 12(b)(6) where it attempts to revive and repackage claims already dismissed.

7.  For the reasons stated more fully in the accompanying Brief in Support, this Court should grant the ACH Defendants' Motion to Strike and/or Dismiss Plaintiff's (Second) Amended Complaint (**ECF No. 53, PageID.734-823**) against them.

8.  In an effort to seek concurrence, Defense Counsel contacted Plaintiff's Counsel via telephone and email correspondence on November 2, 2021, but concurrence could not be obtained.

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC, DARYL TYRONE PARKER, M.D., WENDY LYNN FREED, L.P.N., AND DAWN THELEN, L.P.N. respectfully request that this Honorable Court grant their Motion to Strike and/or Dismiss Plaintiff's (Second) Amended Complaint (**ECF No. 53, PageID.734-823**) Against Them Pursuant to Fed. R. Civ. P. 12(f)(2), 12(b)(6), and 41(b), which operates as an adjudication upon the merits, and grant any and all relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: November 2, 2021

/s/Devlin K. Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
Attorney for ACH Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

RHONDA HEHRER, as Personal Representative
of the Estate of Joseph Hehrer, Deceased,

|  | Case No: 1:20-cv-01079 |
|---|---|
|  | Hon. Judge Janet Neff |
| Plaintiff, | Magistrate Judge Ray S. Kent |

v.

CLINTON COUNTY, et al.

     Defendants.

---

| | |
|---|---|
| VAHDAT WEISMAN, PLC<br>Kara E. Weisman (P80837)<br>Attorney for Plaintiff<br>17197 N. Laurel Park Drive, Ste. 500<br>Livonia, MI 48152<br>(313) 949-3548<br>kara@thevwlaw.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman, Sr., M.P.A.,<br>LL.M. (P37603)<br>Devlin Scarber (P64532)<br>Attorneys for Advanced Correctional<br>Healthcare, Inc.; Wendy Lynn Freed, L.P.N.;<br>Daryl Tucker Parker, M.D.; and Dawn<br>Thelen, L.P.N. |
| CIESLAK LAW, PLLC<br>Daniel W. Cieslak (P75184)<br>Attorney for Plaintiff<br>2833 Crooks Road, Ste. 104<br>Troy, MI 48084<br>(248) 825-4554<br>daniel@cieslaklaw.com | 1441 W. Long Lake Rd. Ste. 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.comg<br>dscarber@chapmanlawgroup.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC<br>Timothy S. Ferrand (P39583)<br>Attorney for Clinton County, Jerue, Wirth,<br>Faggions, Burdick, Bashore, Stout, Becker,<br>Officers Jane Does 1-2 and Officers John<br>Does 1-5<br>19176 Hall Road, Suite 220<br>Clinton Township, MI 48038<br>(586) 228-5600<br>tferrand@cmda-law.com | HALL MATSON, PLC<br>Marcy R. Matson (P49758)<br>Sandra J. Lake (P54288)<br>Attorneys for Sparrow, Chesney, Embs, &<br>Mendez<br>1550 Watertower Place, Ste. 200<br>East Lansing, MI 48823<br>(517) 853-2929<br>mmatson@hallmatson.law<br>slake@hallmatson.law |

---

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC; DARYL
TYRONE PARKER, M.D.; WENDY LYNN FREED, L.P.N.; AND DAWN THELEN,
L.P.N.'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S (SECOND)
AMENDED COMPLAINT (ECF NO. 53) AGAINST THEM PURSUANT TO FED. R.
CIV. P. 12(F)(2), FED. R. CIV. P. 41(B), AND FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................iii

INDEX OF EXHIBITS .................................................................................... v

STATEMENT OF ISSUES PRESENTED.......................................................... vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ...**Error! Bookmark not defined.**

I.   STATEMENT OF FACTS ...................................................**Error! Bookmark not defined.**

II.   LEGAL STANDARD.................................................................................. 6

III.   LAW AND ARGUMENT ............................................................................ 7

    **A.** PLAINTIFF'S SECOND AMENDED COMPLAINT (**ECF NO. 53, PageID.734-823**) (1) STATES INSUFFICIENT, REDUNDANT, IMMATERIAL, AND IMPERTINENT CLAIMS PURSUANT TO FED. R. CIV. P. 12(F)(2), (2) VIOLATES THIS COURT'S SEPTEMBER 15, 2021 ORDER WHICH DISMISSED ANY AND ALL DELIBERATE INDIFFERENCE CLAIMS AGAINST THE ACH DEFENDANTS PURSUANT TO FED. R. CIV. P 41(B), (3) VIOLATES THIS COURT'S OCTOBER 12, 2021 ORDER WHICH REITERATED TO PLAINTIFF THAT SHE MUST COMPLY WITH THE COURT'S PRIOR ORDER AND FILE A PLEADING THAT CONFORMS TO THE SCOPE OF THE LEAVE GRANTED WITHIN SEVEN (7) DAYS (NOW HER SECOND VIOLATION OF FED. R. CIV. P 41(B)), AND (4) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED  AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 12(B)(6) WHERE IT ATTEMPTS TO REVIVE AND REPACKAGE CLAIMS ALREADY DISMISSED.....……………………………………………………………..7

      1.  DISMISSAL IS PROPER UNDER FED. R. CIV. P. 12(F)(2) …………………..1

      2.  DIMISSAL IS PROPER UNDER FED. R. CIV. P. 41(B) ……………………………9

      3.  DISMISSAL IS PROPER UNDER FED. R. CIV. P. 12(B)(6)………………………..12

IV.   CONCLUSION AND RELIEF REQUESTED ................................................. 13

## INDEX OF AUTHORITIES

**CASES**                                                                                                      **PAGE**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)...................................................................... vii,6,12

*Allstate Ins Co v Orthopedic, PC*, 2019 U.S. Dist. LEXIS 43171, at *3
(E.D. Mich, Mar. 18, 2019) …………………………..………………………………………6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ....................................................... vii,6,7,12

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987) ..................................................... vii

*Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983) ....................................................................... vii

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ............................................. vii

*Haddad v Mich Nat'l Corp*, 34 F App'x 217, 218 (6th Cir., 2002)………………..………………12

*Jackson v. Broughton*, 2010 U.S. Dist. LEXIS 76039, at *1 (E.D. Mich. July 28, 2010) …………6

*Johnson v Knox Co.*, 2020 U.S. Dist. LEXIS 88828, at *10 and *12-13
(E.D. Tenn., May 20, 2020)……………………………………………………………………...8,9

*Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)…………………….………..6

*L & L Gold Assoc v American Cash for Gold, Ltd liability Co*, 2009 U.S. Dist. LEXIS
48767, at *2-3 (E.D. Mich, June 10, 2009)………………………………………….……………8

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)........... vii

*Operating Engineers Local 324 Health Care Plan v G&W Constr Co*, 783 F3d 1045,
1050 (6th Cir., 2015)………………………………………………………………………………6

*Schafer v City of Defiance Police Dep't*, 529 F3d 731, 736 (6th Cir., 2008)…………..…………vii,6

*Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) ....................................................... vii

*Sidney-Vinstein v. A.H.Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)……………………………6

*Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996) ............. vii

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991
(6th Cir. 1999)……………………………………………………………………………...10,11

*Turner v French*, 2009 U.S. Dist. LEXIS 2580, at *2-3 (E.D. Mich., Jan. 14, 2009)……………8,9

*United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)…………………………………vii,7,13

*Williams v. Twp of Waterford*, 2019 U.S. Dist. LEXIS 218799  (E.D. Mich., Oct. 31, 2019)…………………………………………………………………………10,12

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)…………………………………11

**R<small>ULES</small>**                                                                                     **P<small>AGE</small>**

Fed. R. Civ. P. 12(b)(6)................................................................................. vii,6,12,13

Fed. Civ. R. Civ. P. 12(f)(1)……………………………………………………………..2

Fed. Civ. R. Civ. P. 12(f)(2)……………………………………………………..vii,6,7,8,9,13

Fed. R. Civ. P. 15(1)(B) and (2)………………………………………………………vii

Fed. R. Civ. P.41(b) ................................................................................ vii,9,10,12,,13

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A:** *Johnson v Knox Co.*, 2020 U.S. Dist. LEXIS 88828 (E.D. Tenn., May 20, 2020)

**EXHIBIT B:** *Williams v. Twp of Waterford*, 2019 U.S. Dist. LEXIS 218799 (E.D. Mich., Oct. 31, 2019)

## STATEMENT OF ISSUES PRESENTED

SHOULD THE COURT DISMISS PLAINTIFF'S (SECOND) AMENDED COMPLAINT (**ECF NO. 53, PageID.734-823**) AGAINST ADVANCED CORRECTIONAL HEALTHCARE, INC.; DARYL TYRONE PARKER, M.D.; WENDY LYNN FREED, L.P.N.; AND DAWN THELEN, L.P.N. ("ACH DEFENDANTS") PURSUANT TO FED. R. CIV. P. 12(F)(2), FED. R. CIV. P. 41(B), AND FED. R. CIV. P. 12(B)(6), WHERE IT STATES AN INSUFFICIENT, REDUNDANT, IMMATERIAL, AND IMPERTINENT CLAIM, VIOLATES THIS COURT'S SEPTEMBER 15, 2021 ORDER DISMISSING ANY DELIBERATE DIFFERENCE CLAIMS AGAINST THE ACH DEFENDANTS, VIOLATES THE COURT'S OCTOBER 12, 2021 ORDER, AND FAILS TO STATE A CLAIM AS A MATTER OF LAW?

ACH Defendants Answer:                          YES.
Plaintiffs Answers:                               NO.

**CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Unless a party files an Amended Complaint "within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is later," "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(1)(B) and (2). "The court may strike from a pleading an insufficient defense **[or claim]** or any redundant, immaterial, or scandalous matter," either on its own motion or on motion made by another party before responding to the pleading. Fed. Civ. R. Civ. P. 12(f).

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v City of Defiance Police Dep't*, 529 F3d 731, 736 (6th Cir., 2008).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). ACH cannot be held liable for alleged violations by an individual employee under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996). To state a claim of deliberate indifference against ACH, a plaintiff must plead a claim of a policy, practice, or custom by ACH that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th

Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994. "Since plaintiff failed to allege that ACH's employees violated Hehrer's constitutional rights, she has failed to allege a cause of action against ACH regarding any Monell claim. (See R&R, **ECF No. 42, PageID.570**).

Under the "law of the case" doctrine, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).

# I.    STATEMENT OF FACTS

On November 9, 2020, Plaintiff filed her Complaint in this matter, which included allegations of both state medical malpractice claims and deliberate indifference claims against Defendants Advanced Correctional Healthcare, Inc ("ACH"); Daryl Tyrone Parker, M.D. ("Dr. Parker"); Wendy Lynn Freed, L.P.N. ("LPN Freed"); and Dawn Thelen, L.P.N. ("LPN Thelen") (all collectively referred to as "ACH Defendants"). (**ECF No. 1, PageID.1-91**). On December 28, 2020, the ACH Defendants filed their Motion to Dismiss Plaintiff's Complaint for failure to state a claim of deliberate indifference and medical malpractice against ACH Defendants. (**ECF No. 14, PageID.232**).

On July 29, 2021, a Report and Recommendation was issued on the ACH Defendants' Motion to Dismiss, recommending that all of Plaintiff's 14th Amendment claims of deliberate indifference against the ACH Defendants be dismissed. (**ECF No. 42, PageID.578**). The Report and Recommendation recommended that Plaintiff's state medical malpractice claims be dismissed without prejudice and "that the court should allow Plaintiff to amend her medical malpractice claims" against Dr. Parker, LPN Freed, and LPN Thelen only "with respect to their actions on or after March 1, 2019." (**ECF No. 42, PageID.578**). Objections and Replies were filed. (**See ECF Nos. 47, 48, and 49**). On September 15, 2021, after reviewing and considering objections, this Honorable Court issued its Opinion and Order denying all objections and adopting the Magistrate Judge's July 29, 2021 Report and Recommendation. (**ECF No. 50, PageID.640**).

Therefore, per order of this Court (**ECF No. 50, PageID.633-641**), any and all 14th Amendment claims of deliberate indifference against the ACH Defendants were dismissed and were ruled to fail to state a proper claim as a matter of law.  The only claims upon which Plaintiff

is allowed to proceed are state medical malpractice claims against Dr. Parker, LPN Freed, and

LPN Thelen. (***Id.***). In that regard, the court's order specifically states:

> **D.**  "…The court will allow Plaintiff 21 days from the date of this Opinion and Order to amend her medical malpractice claim against Dr. Parker with respect to his actions on or after March 1, 2019."
>
> **E.**  ""…The court will allow Plaintiff 21 days from the date of this Opinion and Order to amend her medical malpractice claim against Defendants Freed and Thelen with respect to their actions on or after March 1, 2019." (**ECF NO. 50, PageID.640-641**).

On October 6, 2021, Plaintiff filed her First Amended Complaint in this matter. (**ECF No.**

**51, PageID.642**) However, in filing said Amended Complaint, Plaintiff clearly violated the

Court's September 15, 2021 Order and attempted to reinstate her claims against another Defendant

(Dr. Mashni) who had previously been dismissed, thereby asserting claims against this previous

Defendant throughout the First Amended Complaint. (See **ECF No. 51, PageID.642, 644, 650**).

Plaintiff included Dr. Mashni's name in the caption of her Complaint, making it fairly easy for the

court to identify Plaintiff's violation.   Therefore, on October 12, 2021, this Honorable Court

entered an order *sua sponte* striking Plaintiff's First Amended Complaint. (See **ECF No. 52,**

**PageID.732**). In said order, this Court reiterated its prior ruling, noted that Plaintiff's complaint

was being stricken pursuant to Fed. R. Civ. P. 12(f)(1), and allotted Plaintiff an additional seven

(7) days to comply with the court's prior order:

> <u>this Court</u> issued an Opinion and Order which, in pertinent part, <u>provided Plaintiff a 21-day period to (1) "amend her medical malpractice claim against Dr. Parker with respect to his actions on or after March 1, 2019" and (2) "amend her medical malpractice claim against Defendants Freed and Thelen with respect to their actions on or after March 1, 2019"</u> (ECF No. 50 at PageID.640-641). On October 6, 2021, Plaintiff filed an Amended Complaint that revived her claim against Dr. Mashni (Am. Compl., ECF No. 51). *See* Order, ECF No. 34 (granting Plaintiff's motion to dismiss Defendant Mashni). Pursuant to FED. R. CIV. P. 12(f)(1), <u>the Court will strike the Amended Complaint and provide Plaintiff an additional 7-day period to file an amended pleading that conforms to the scope of the leave granted by this Court</u>. (**ECF No. 52, PageID.732**).

2

Therefore, the Court's October 12, 2021 order was a strong reminder to Plaintiff that she must comply with the court orders in her amendments and that failure to do so would result in her Complaint being dismissed. The Court graciously allotted Plaintiff another opportunity to comply.

On October 19, 2021, Plaintiff filed a Second Amended Complaint (**ECF No. 53, PageID.734-823**). In said Second Amended Complaint, Plaintiff's revived her 14th Amendment deliberate indifference claims against the ACH Defendants, alleging as follows:

98.  Following breakfast, video surveillance illustrates a series of events which continue to demonstrate the deliberate indifference which Clinton County **and ACH Defendants** had toward Mr. Hehrer's serious medical needs.

* * *

j.  At approximately 0707 hours, **Defendant Nurse Thelen, with complete indifference to Mr. Hehrer** and his deteriorating medical condition, left the cage and walked away without checking on him.[1]

* * *

m. At approximately 0731 hours, **with complete indifference to Mr. Hehrer and his deteriorating medical condition, Nurse Thelen** returned to the cage and left again, without checking on him.

* * *

s. At approximately 0851 hours, **with complete indifference to Mr. Hehrer and his deteriorating medical condition, Defendant Nurse Thelen** and Defendant Officer Jane Doe finished what appeared to be a funny conversation. Defendant Nurse Thelen then decided to enter Mr. Hehrer's cell despite having arrived two hours prior.

* * *

130. Upon information and belief, Mr. Hehrer made multiple requests for medical attention despite only two requests shown in the Clinton County Jail records, showing that Clinton County Defendants and/or **ACH Defendants exhibited a deliberate indifference** to inmate health and/or safety by having a custom and/or policy of dehumanizing inmates, preventing them from receiving appropriate medical care, and not reporting medical information properly.

* * *

139. That Clinton County Defendants' and/or **ACH Defendants' calculated decision to forego emergency medical attention for Mr. Hehrer**, namely, the immediate transfer to an acute care facility and/or emergency department, where they had subjective and objective knowledge of Mr. Hehrer's condition, in order to save money and manpower, **amounted to cruel, unusual, and inhumane suffering, and deliberate indifference to Mr. Hehrer's serious medical needs**.

---

[1] Plaintiff further asserts that LPN Thelen's conduct demonstrating deliberate indifference is set forth in ¶98(d), (u), (x), (z), (bb), and (dd).

<div align="center">* * *</div>

147.  Despite Clinton County Defendants' and/or **ACH Defendants' subjective, objective, and/or actual knowledge of Mr. Hehrer's serious medical needs, Defendants** made the conscious decision to deliberately ignore Mr. Hehrer's signs and symptoms of an objectively serious medical condition, left him to suffer in medical "observation," prolonged obtaining the appropriate medical treatment, and failed to administer any tests which would alert them to his condition or save him from the needless suffering he endured, which **amounts to cruel and unusual punishment and a violation of his Constitutional Rights**.

148.  Clinton County Defendants and/or **ACH Defendants were deliberately indifferent to Mr. Hehrer's plainly visible serious medical** needs where they subjectively, objectively, and/or actually knew that Mr. Hehrer was in obvious distress and in serious need of life-saving medical assistance.

<div align="center">* * *</div>

157.  Despite Clinton County Jail and ACH policies and procedures, Clinton County Defendants and/or **ACH Defendants tolerated policies exhibiting a complete disregard amounting to deliberate indifference** of inmates' health and/or sanitary and/or safety needs as illustrated by the facts as fully set forth above as well as the following. (**ECF No. 53, PageID.757-761,770,772,774,777**)

At ¶157(a)-(l) of Plaintiff's Second Amended Complaint, she then sets forth a litany of allegations of what appear to be further *Monell* claims against ACH as well as individual claims of deliberate indifference against the ACH Defendants. (**ECF No. 53, PageID.777-778**). Plaintiff further alleges that Dr. Parker committed deliberate indifference because, allegedly, he "would sign off on inmate medical records without review." (*Id.* at 778, ¶j).

Plaintiff has previously argued to this Court that all of the allegations throughout her Complaint must be read in a "comprehensive" manner, including those contained in her "factual allegations" and "general allegations" in order to determine what her claims are against these Defendants.   She has argued that all allegations in her Complaint collectively establish her claims. (See Plt. Resp. to ACH Defs. Mtn. to Dismiss, **ECF 18, PageID.297,298,301**). To illustrate this point, Plaintiff has argued that she is alleging deliberate indifference where "Plaintiff's Complaint makes specific factual claims against each of the ACH defendants citing their deliberate

<div align="center">4</div>

indifference to Mr. Hehrer's serious illness."  (**Id.** at 301). Plaintiff also took the position that the court and parties are to "fully consider" the "full body of the complaint" in determining what claims are being alleged.  (See Plt. Objection to R&R, **ECF No. 48, PageID.603**). Based upon these facts and the allegations referenced above, Plaintiff's Second Amended Complaint alleges 14th Amendment deliberate indifference claims against the ACH Defendants.

Therefore, Plaintiff's Amended Complaint continues to violate the Court's September 15, 2021 Order, and further violates this Court's October 12, 2021 order, which again reminded Plaintiff "to file an amended pleading that conforms to the scope of the leave granted by this Court," and to do so by October 19, 2021.

## II.   <u>LEGAL STANDARD</u>

"Rule 12(f) allows a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"  "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).'" *Operating Engineers Local 324 Health Care Plan v G&W Constr Co*, 783 F3d 1045, 1050 (6th Cir., 2015).

"A court should strike a matter if it 'can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party.'" *Allstate Ins Co v Orthopedic, PC*, 2019 U.S. Dist. LEXIS 43171, at *3 (E.D. Mich, Mar. 18, 2019) (citing *Jackson v. Broughton*, 2010 U.S. Dist. LEXIS 76039, at *1 (E.D. Mich. July 28, 2010) (citation omitted) (emphasis in original).

Additionally, Plaintiff's conduct invokes Fed. R. Civ. P. 41(b):

> Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for <u>failure of a plaintiff</u> to prosecute the claim or <u>to comply with the Rules or any order of the court</u>. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id*. at 363 (brackets and internal quotation marks omitted).  A district court therefore "must be given substantial discretion in serving these tasks." *Id*.

*Schafer v City of Defiance Police Dep't*, 529 F3d 731, 736 (6th Cir., 2008)

In determining whether a complaint states a claim upon which relieve can be granted pursuant to Fed. R. Civ. P. 12(b)(6), factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S.

at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. Under the "law of the case" doctrine, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).

### III.   LAW AND ARGUMENT

**A.  Plaintiff's Second Amended Complaint (ECF No. 53, PageID.734-823) (1) states insufficient, redundant, immaterial, and impertinent claims pursuant to Fed. R. Civ. P. 12(f)(2), (2) violates this Court's September 15, 2021 Order which dismissed any and all deliberate indifference claims against the ACH Defendants pursuant to Fed. R. Civ. P 41(b), (3) violates this Court's October 12, 2021 Order which reiterated to Plaintiff that she must comply with the Court's prior order and file a pleading that conforms to the scope of the leave granted within seven (7) days (now her second violation of Fed. R. Civ. P 41(b)), and (4) fails to state a claim upon which relief can be granted  as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where it attempts to revive and repackage claims already dismissed.**

#### 1.  Dismissal is proper under Fed. R. Civ. P. 12(f)(2)

Plaintiff's Second Amended Complaint alleges 14th Amendment deliberate indifference claims against the ACH Defendants. (**ECF No. 53, PageID.757-761,770,772,774,777,778**). Moreover, Plaintiff's position that her entire Complaint collectively establishes her claims further demonstrates that Plaintiff is continuing to pursue deliberate indifference against the ACH Defendants, despite the claims previously being dismissed. (See Plt. Resp. to ACH Defs. Mtn. to Dismiss, **ECF 18, PageID.297,298,301**); (See Plt. Objection to R&R, **ECF No. 48, PageID.603**).

This court has previously utilized Fed. R. Civ. P. 12(f)(1) as a means to strike Plaintiff's First Amended Complaint (**ECF No. 51, PageID.642-731**) where Plaintiff engaged in such conduct. See this Court's October 12, 2021, *sua sponte* order striking Plaintiff's First Amended

Complaint. (See **ECF No. 52, PageID.732**) Therefore, the ACH Defendants similarly rely upon

Fed. R. Civ. P. 12(f)(2) to strike Plaintiff's Second Amended Complaint, which provides:

> (f) **Motion to Strike**. The court may strike from a pleading an insufficient defense
> or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) <u>on motion made by a party either before responding to the pleading or, if a
> response is not allowed, within 21 days after being served with the pleading</u>.

An allegation is "'impertinent" or 'immaterial' when it is not relevant to the issues involved

in the action."  *L & L Gold Assoc v American Cash for Gold, Ltd liability Co*, 2009 U.S. Dist.

LEXIS 48767, at *2-3 (E.D. Mich, June 10, 2009).

The facts of this case are akin to *Turner v French*, 2009 U.S. Dist. LEXIS 2580, at *2-3

(E.D. Mich., Jan. 14, 2009). In *Turner*, a *pro se* Plaintiff filed an amended complaint that continued

to assert claims that had previously been dismissed.  The court held:

> A motion to strike pursuant to Fed. R. Civ. P. 12(f) is properly granted
> where the amended complaint contains allegations of claims previously dismissed
> by the district court, see *Ex rel Rubio v. Turner Unified Sch. Dist. No. 202*, 475 F.
> Supp. 2d 1092 (D. Kan. 2007), or where the amended complaint exceeds the scope
> of the amendment permitted by the court, see *U.F.C.W. Local 56 Health and
> Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149 (D.N.J. 2007). <u>In this case,
> Plaintiff's amended complaint states claims under the Fourth and Eighth
> Amendments that the Court dismissed in its March 21, 2008, Opinion and Order.
> Therefore, Defendants' motion is GRANTED.</u>

See also *Johnson v Knox Co.*, 2020 U.S. Dist. LEXIS 88828, at *10 and *12-13 (E.D.

Tenn., May 20, 2020), holding:

> "Striking pleadings is a drastic remedy and motions to strike pleadings are
> disfavored." *Scott v. Regions Bank*, No. 2:08-CV-296, 2010 U.S. Dist.
> LEXIS 23341, 2010 WL 908790, at *3 (E.D. Tenn. Mar. 12, 2010); *see, e.g., Sewell v.
> Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 U.S. Dist. LEXIS 983, 2011 WL
> 32209, at *3 (E.D. Tenn. Jan. 5, 2011). <u>However, "[w]hen a court grants a party
> leave to amend a complaint, subsequent amendments that exceed the scope of the
> leave granted may be stricken under Rule 12(f)."</u> *Wheat v. Chase Bank*, No. 3:11-
> CV-309, 2014 U.S. Dist. LEXIS 14003, 2014 WL 457588, at *6 (S.D. Ohio Feb.

3, 2014) (citing *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 362 (S.D. Ohio 2012); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 912 (N.D. Ohio 2009)). Rule 12(f) of the Federal Rules of Civil Procedure allows a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

<div align="center">* * *</div>

the Court finds that the inclusion of additional plaintiffs and defendants beyond those raised in the original Complaint goes beyond the scope of the Court's order granting Plaintiff leave to file an amended complaint. *See Newland v. Morgan Stanley Bank, N.A.*, No. 3:15-CV-309-PLR-HBG, 2017 U.S. Dist. LEXIS 55725, 2017 WL 1331293, at *4 (E.D. Tenn. Apr. 11, 2017) (striking amended complaint with allegations as to other defendants that were beyond the scope of court's leave to amend); *see, e.g., Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaint where the court granted [*13]  leave for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Hines v. Rimtec Corp.*, No. CV 07-966 (NLH/AMD), 2009 U.S. Dist. LEXIS 139718, 2009 WL 10690491, at *2 (D.N.J. Dec. 17, 2009) ("[B]ecause the October 30, 2009 amended complaint contains claims beyond the scope of the Court's prior Orders granting leave to amend, the amended complaint shall be stricken.").

This Honorable Court has already followed the same legal principles as set forth in *Turner* and *Johnson*. Therefore, dismissal of Plaintiff's Second Amended Complaint (**ECF No. 53, PageID.734-823**) is proper pursuant to Fed. Civ. P. 12(f)(2).

### 2.   Dismissal is proper under Fed. R. Civ. P. 41(b)

Not only does Fed. Civ. P. 12(f)(2) require dismissal of Plaintiff's Second Amended Complaint, but dismissal is further required pursuant to Fed. Civ. P.41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Here, it is uncontested that, despite very clear orders and instructions from this Court in its September 15, 2021 Order (**ECF No. 50, PageID.640-641**) and in its October 12, 2021 Order in which the Court struck Plaintiff's First Amended Complaint for noncompliance and reiterated

<div align="center">9</div>

to Plaintiff that she must file an Amended Complaint that conforms with the Court's order within seven (7) days (i.e., by October 19, 2021) (**See ECF No. 52, PageID.732**), still Plaintiff violated the Court's orders, now for a second time. Plaintiff has willfully continued to pursue improper parties and claims which have been ordered to be dismissed.

The facts of this case are similar to those set forth in *Williams v. Twp of Waterford*, 2019 U.S. Dist. LEXIS 218799 (E.D. Mich., Oct. 31, 2019) (**Exhibit B**).[2] In that case, despite very clear orders from the court, a *pro se* Plaintiff continued to file nonconforming complaints against the defendants, which resulted in dismissal of his case pursuant to Fed. R. Civ. P. 41(b):

> Williams filed the amended complaint here at issue after two orders from this Court directing him to file an amended complaint that complies with the Federal Rules of Civil Procedure.
>
> *  *  *
>
> The Court struck that amended complaint because it did not comply with the R&R or the Federal Rules of Civil Procedure…Williams was then ordered to file an amended complaint that complied with the rules of procedure, "both in format and in substance," and that did not include any argument…The Court warned that "Failure to file an amended complaint in accordance with the R&R and the Federal Rules of Civil Procedure within 10 days of this Order will result in a recommendation that the case be dismissed with prejudice under Fed. R. Civ. P. 41(b)." (Id.).
>
> Eleven days later, Williams filed the amended complaint at issue here. Notably, this complaint is not materially different from the original complaint or first amended complaint… *Williams, supra*, at *7-8

The *Williams* Court noted that the power under Fed. R. Civ. P. 41(b) to dismiss a claim for failure to follow the court's orders "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" and that "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Id.* at *9 (citing *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC*

---

[2] Adopted by, Dismissed by *Williams v. Twp. of Waterford*, 2019 U.S. Dist. LEXIS 217967 (E.D. Mich., Dec. 19, 2019)

*Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999). In considering appropriate sanctions for the plaintiff's repeated noncompliance, the *Williams* Court (citing to *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), set forth the following four factors considered by the Sixth Circuit as to whether dismissal was proper:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Williams, supra*, at *10.

In *Williams*, all of these factors weighed in favor of a 41(b) dismissal. Similarly, these factors weigh in favor of a 41(b) dismissal of Plaintiff Hehrer's case. **First**, the failure to file a conforming amended complaint, especially after being allowed two (2) opportunities, is most reasonably due to willfulness or fault. **Second**, the ACH Defendants have been prejudiced by Plaintiff's conduct by the case being further delayed and Plaintiff continuing to willfully force these Defendants to respond to and defend against improper claims. **Third**, this Court has warned Plaintiff twice about the proper manner in which to file an amended complaint and the claims that can be alleged, both in its September 15, 2021 Order and its October 12, 2021 Order.  The October 12th Order was particularly an order reiterating to Plaintiff that she must comply with the first order and must do so within seven (7) days. Plaintiff failed to adhere to either order. As to the **fourth** factor, the *Williams* Court held:

> given plaintiff's failure to file a proper complaint on the third try, after Williams was fully apprised (twice) of the actions necessary to cure the defects in his original complaint, the undersigned sees no utility in considering or imposing [*13] lesser sanctions. Thus, taken together, these factors support dismissal for failure to comply with Court orders. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *White v. Bouchard*, 2008 U.S. Dist. LEXIS 112008, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Nonetheless, in this instance, after repeated direction from the Court on the pleading requirements, it does not appear that Williams intends to file a complaint

that complies with the rules of procedure. <u>In giving plaintiff the opportunity to amend, the Court already exercised lenience for the defects in his original complaint because of his pro se status. Yet, plaintiff still has not complied and defendants are left to defend against his amorphous and ambiguous claims.</u>

The undersigned concludes that, for the reasons discussed above, Williams' complaint should be dismissed for his failure to follow the Court's orders and the Federal Rules of Civil Procedure.

*Williams, supra* at *12-13.

It should be noted that in many instances where a party continues to violate a court's order to file a conforming pleading, the plaintiff is often *pro se*. In that circumstance, as *Williams* notes, the *pros se* plaintiff is given a greater degree of leniency. Hence, the *Williams* plaintiff was given repeated warnings and opportunities. Here, Plaintiff Hehrer is not *pro se* but was still given two (2) reasonable opportunities to comply with the Court's September 15, 2021 Order. Therefore, the same 41(b) dismissal for failure to follow the orders of the court is proper here.

"Unless otherwise specified, a judgment of dismissal operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b). A dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata." *Haddad v Mich Nat'l Corp*, 34 F App'x 217, 218 (6th Cir., 2002). This result is proper under the presenting circumstances.

3. <u>Dismissal continues to be proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.</u>

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

In the case at bar, since this Court has already ruled that Plaintiff's deliberate indifference claims failed to state a claim upon which relief can be granted as a matter of law and has dismissed such claims (**ECF No. 50, PageID.640-641**), Plaintiff cannot simply re-file or repackage previously

dismissed claims in an Amended Complaint. Under the "law of the case" doctrine, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Therefore, in addition to dismissal being proper under both Fed. R. Civ. P. 12(f)(2) and Fed. R. Civ. P. 41(b), dismissal continues to be proper under Fed. R. Civ. P. 12(b)(6) where Plaintiff's claims continue to fail to state a proper claim.

## IV.   CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC, DARYL TYRONE PARKER, M.D., WENDY LYNN FREED, L.P.N., AND DAWN THELEN, L.P.N. respectfully request that this Honorable Court grant their Motion to Strike and/or Dismiss Plaintiff's (Second) Amended Complaint (**ECF No. 53, PageID.734-823**) Against Them Pursuant to Fed. R. Civ. P. 12(f)(2), 12(b)(6), and 41(b), which operates as an adjudication upon the merits, and grant any and all relief as the Court deems just and equitable.

<div style="margin-left: 50%;">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: November 2, 2021

<div style="margin-left: 50%;">

/s/Devlin K. Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
Attorney for ACH Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

</div>

## **PROOF OF SERVICE**

I hereby certify that on November 2, 2021, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ Devlin K. Scarber
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com