UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HEHRER, *as Personal Representative of the Estate of Joseph Hehrer*,

      Plaintiff,

v.

COUNTY OF CLINTON, et al.,

      Defendants.
_____/

Case No. 1:20-cv-1079

HON. JANET T. NEFF

## OPINION AND ORDER

On September 15, 2021, this Court issued an Opinion and Order which, in pertinent part, provided Plaintiff a 21-day period to (1) "amend her medical malpractice claim against Dr. Parker with respect to his actions on or after March 1, 2019" and (2) "amend her medical malpractice claim against Defendants Freed and Thelen with respect to their actions on or after March 1, 2019" (ECF No. 50 at PageID.640-641).  On October 6, 2021, Plaintiff filed an Amended Complaint that revived her claim against Dr. Mashni (ECF No. 51).  Pursuant to FED. R. CIV. P. 12(f)(1), the Court struck the Amended Complaint and provided Plaintiff an additional seven-day period to file an amended pleading that conforms to the scope of the leave granted by this Court (ECF No. 52).

On October 19, 2021, Plaintiff filed a second amended complaint (ECF No. 53).  In lieu of filing an answer, Defendants Advanced Correctional Healthcare, Inc., Freed, Parker, and Thelen (collectively referred to as the "ACH Defendants") filed a combined "Motion to Strike and/or Dismiss Plaintiff's (Second) Amended Complaint (ECF No. 53) Against Them Pursuant to Fed.

R. Civ. P. 12(f)(2), Fed. R. Civ. P. 41(b), and Fed. R. Civ. P. 12(b)(6)" (ECF No. 54). Defendants' motion is now before the Court.

Defendants argue that Plaintiff disregarded the Court's previous orders and alleged "numerous constitutional 14th Amendment claims of deliberate indifference against the ACH Defendants" (ECF No. 54 at PageID.826). Plaintiff's Fourteenth Amendment claims against Defendants Dr. Parker, Nurse Freed and Nurse Thelen (Count VI) and against ACH (Count VIII) have been dismissed. (ECF No. 50 at PageID.640).[1]

Nevertheless, Plaintiff continues to allege that the ACH Defendants acted with deliberate indifference and violated the decedent's constitutional rights. These allegations have no place in the second amended complaint. Some examples from the second amended complaint include:

> Following breakfast, video surveillance illustrates a series of events which continue to demonstrate the deliberate indifference which Clinton County Defendants and ACH Defendants had toward Mr. Hehrer's serious medical needs (ECF No. 53 at PageID.757-758);
>
> Further, upon information and belief, Clinton County Defendants and/or ACH Defendants had actual and/or constructive knowledge of a pattern of similar constitutional violations as it is approximated that multiple inmates requested medical attention without being seen, including Mr. Hehrer (*id.* at PageID.770);
>
> Upon information and belief, Mr. Hehrer made multiple requests for medical attention despite only two requests shown in the Clinton County Jail records, showing that Clinton County Defendants and/or ACH Defendants exhibited a deliberate indifference to inmate health and/or safety by having a custom and/or policy of dehumanizing inmates, preventing them from receiving appropriate medical care, and not reporting medical information properly (*id.* at PageID.770-771);

---

[1] The Court notes that a scrivener's error appears in ¶ B of the opinion and order which stated: "The motion [ACH Defendants' Motion to dismiss the original complaint] is GRANTED as to the 14th Amendment claims alleged against Defendant ACH in Count VIII, and ACH is DISMISSED from this action" (ECF No. 50 PageID.640). The Court intended to dismiss Count VIII, the constitutional claim directed at Defendant ACH. As the docket sheet reflects, ACH is still a party in this action with respect to the medical malpractice claims alleged against its employees, Defendants Dr. Parker, Nurse Freed, and Nurse Thelen.

> That Clinton County Defendants' and/or ACH Defendants' calculated decision to forego emergency medical attention for Mr. Hehrer, namely, the immediate transfer to an acute care facility and/or emergency department, where they had subjective and objective knowledge of Mr. Hehrer's condition, in order to save money and manpower, amounted to cruel, unusual, and inhumane suffering, and deliberate indifference to Mr. Hehrer's serious medical needs (*id.* at PageID.772);
>
> Despite Clinton County Defendants' and/or ACH Defendants' subjective, objective, and/or actual knowledge of Mr. Hehrer's serious medical needs, Defendants made the conscious decision to deliberately ignore Mr. Hehrer's signs and symptoms of an objectively serious medical condition, left him to suffer in medical 'observation,' prolonged obtaining the appropriate medical treatment, and failed to administer any tests which would alert them to his condition or save him from the needless suffering he endured, which amounts to cruel and unusual punishment and a violation of his Constitutional Rights (*id.* at PageID.774)
>
> Clinton County Defendants and/or ACH Defendants were deliberately indifferent to Mr. Hehrer's plainly visible serious medical needs where they subjectively, objectively, and/or actually knew that Mr. Hehrer was in obvious distress and in serious need of life-saving medical assistance. (*id.* at PageID.774)
>
> Despite having subjective, objective, and/or actual knowledge of Mr. Hehrer's serious medical needs, Clinton County Defendants and/or ACH Defendants were deliberately indifferent to his serious medical needs and made the conscious decision to leave Mr. Hehrer in the Clinton County Jail where he continued to needlessly suffer, disregarding the consequences of their actions, thereby violating Mr. Hehrer's Constitutional right to be free from cruel and unusual punishment (*id.* at PageID.776); and,
>
> Despite Clinton County Jail and ACH policies and procedures, Clinton County Defendants and/or ACH Defendants tolerated policies exhibiting a complete disregard amounting to deliberate indifference of inmates' health and/or sanitary and/or safety needs as illustrated by the facts as fully set forth above" (*id.* at PageID.777-778).

These are only some of the improper allegations in the second amended complaint and is not an exhaustive list.

     Accordingly:

**IT IS HEREBY ORDERED** that ACH Defendants' combined motion (ECF No. 54) is **GRANTED** as to striking Plaintiff's second amended complaint and **DENIED** as to the other requested relief.

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint (ECF No 53) is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff shall, not later than **May 27, 2022**, file an amended complaint conforming to the scope of leave granted by this Court. Plaintiff shall completely remove (as opposed to striking through) any text from the amended complaint that does not conform to this order or previous orders. If Plaintiff fails to comply with this order or previous orders, *e.g.*, includes allegations that Defendants ACH, Dr. Parker, Nurse Freed, or Nurse Thelen were deliberately indifferent to Mr. Hehrer's serious medical needs or violated Mr. Hehrer's constitutional rights, then this action shall be dismissed.

Dated:  May 13, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge