UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HEHRER,

        Plaintiff,

v.

COUNTY OF CLINTON, et al,

        Defendants.
_____/

Case No. 1:20-cv-1079

HON. JANET T. NEFF

## CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---:|
| Motions to Join Parties or Amend Pleadings | OCTOBER 16, 2022 |
| Rule 26(a)(1) Disclosures (including lay witnesses)                                        Both Parties: | NOVEMBER 1, 2022 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (Rule 26(a)(2)(A))     Plaintiff: <br> Defendants: | JANUARY 17, 2023 <br> FEBRUARY 17, 2023 |
| Disclosure of Expert Witness Reports (Rule 26(a)(2)(B))     Plaintiff: <br> Defendants: | JANUARY 30, 2023 <br> FEBRUARY 28, 2023 |
| Voluntary Exchange of Documents | N/A |
| Completion of Discovery | MAY 30, 2023 |
| Dispositive Motions | JULY 17, 2023 |
| Interrogatories will be limited to: | 25 single part questions |
| Depositions will be limited to: <br> (Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to: <br> Document Requests will be limited to: | 10 per side <br> 20 per side |
| The parties will inform the Court of their desire to participate in Voluntary Facilitative Mediation after a decision on dispositive motions has been rendered | |

1. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2. <u>DISCLOSURES AND EXCHANGES</u>: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

3. <u>DISCOVERY</u>: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. Discovery shall proceed regardless of the motions pending before this court. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case. Defendants are hereby authorized take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B).

4. <u>MOTIONS</u>:

    a. Non-dispositive

    Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471 *et seq*., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LCivR 7.1(d).

    b. Dispositive

        i. Dispositive motions must adhere to W.D. Mich. LCivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

        ii. Oral argument may be requested pursuant to W.D. Mich LCivR 7.2(d). The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

    iii.  In cases where oral argument is heard and counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom.  The evidence presentation allows for the projection of evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables.  This technology eliminates the cumbersome process of handling paper evidence.  Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions.  Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance.  You may contact the Court's IT department by sending an e-mail to courttech@miwd.uscourts.gov or by calling (616) 456-2523.  Information concerning the features of the system are available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link). *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom.*

5.  SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations.  A settlement conference may be scheduled at the request of the parties.

Dated:  September 16, 2022        /s/ Ray Kent
                    RAY KENT
                    United States Magistrate Judge