UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA HEHRER,
as personal representative
of the Estate of Joseph Hehrer,

    Plaintiff,

v.

CLINTON COUNTY, et al.,

    Defendants.
_____/

Case No. 1:20-cv-1079

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

This case arises from the tragic death of Joseph Hehrer shortly after his release from Clinton County Jail.  Plaintiff Rhonda Hehrer, Personal Representative for the Estate of Hehrer, filed this lawsuit alleging federal claims of deliberate indifference, unconstitutional policies or customs, and failure to train against Clinton County, Sheriff Lawrence Jerue, Jail Administrator Thomas Wirth, Sgt. Sarah Faggion, Sgt. James Burdick, Sgt. Chad Bashore, Sgt. Richard Stout, and Officer Corey Becker (collectively referred to as the "Clinton County Defendants").  Plaintiff also asserted medical malpractice state law claims against health care professionals employed by Advanced Correctional Healthcare.  On July 23, 2024, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation (ECF No. 139) recommending that the Court (1) grant the Clinton County Defendants' Motion for Summary Judgment and dismiss the federal claims, and (2) dismiss the unknown "Doe" Defendants.  Plaintiff filed Objections (ECF No. 142).  The Clinton County Defendants filed a Response (ECF No. 149).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections; and the Clinton County Defendants' Response. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct. The Court will also decline to exercise supplemental jurisdiction over the state law claims.

**I.    Objections**

Plaintiff asserts six numbered objections to the Report and Recommendation. Objections must be specific under 28 U.S.C. § 636(b). "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991)). Here, each objection amounts to a general objection as Plaintiff simply asserts that Magistrate Judge Kent applied the wrong legal

2

standard or that sufficient evidence exists without more.  For example, Plaintiff objects to Magistrate Judge Kent's analysis as to each individual defendant as follows: "Plaintiff objects because when viewing the facts and reasonably drawn inferences in the light most favorable to Plaintiff, there is sufficient evidence for the finder of fact to determine that [the defendant] was deliberately indifferent to Joseph Hehrer's medical needs" (ECF No. 142 at PageID.10417).  The Court need not address these general objections.  Nonetheless, the Court will explain why it finds the recommendation sound on the merits in any event.

## II.     Federal Claims

Plaintiff's federal claims are against non-medical professionals.  She asserts deliberate indifference claims against Defendants Bashore, Faggion, Stout, Burdick, and Becker.  In the Report and Recommendation, Magistrate Judge Kent carefully analyzed each individual defendant and correctly determined that each defendant deferred to the medical assessment of the medical professionals from Advanced Correctional Healthcare (ECF No. 139 at PageID.10396-10402). "Generally, 'non-medically trained officer[s]' do not act with deliberate indifference to a detainee's medical needs when they reasonably defer to a medical professional's diagnosis or treatment." *Grote v. Kenton Cnty.*, 85 F.4th 397, 412 (6th Cir. 2023) (quoting *McGaw v. Sevier County*, 715 F. App'x 495, 498 (6th Cir. 2017)).  "Such deference is unreasonable in circumstances when the officer is aware of additional information concerning an incarcerated person's condition, or if the medical professional rendered their opinion prior to changed circumstances." *Id.*  Here, Plaintiff has not identified any circumstance that made each individual defendant's deference to the assessment of the medical professionals unreasonable.

Plaintiff also asserts two policy claims against Clinton County.  Plaintiff first argues that Clinton County's policy of deferring to the medical judgment of medical providers is

3

unconstitutional. However, it is well-established that a county "may constitutionally contract with a private medical company to provide healthcare services to inmates.'" *Winkler v. Madison Cnty.,* 893 F.3d 877, 901 (6th Cir. 2018). Plaintiff has not presented any evidence that outsourcing inmate medical care was deliberately indifferent. In other words, Plaintiff has neither shown that the policy presented an obvious risk to inmates' constitutional rights to adequate medical care, nor that Clinton County knew of and disregarded the risk. *See id.* The argument in this case amounts to a theory "'that the County's policy did not, in this particular case, adequately address [his] specific medical needs.'" *Medley v. Shelby Cnty., Kentucky*, 742 F. App'x 958, 962 (6th Cir. 2018) (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004)). "That is not enough to hold the County liable for a constitutional violation." *Id.*

Plaintiff next contends that Clinton County had an unconstitutional policy for operating its jail because the non-medical personnel were not trained on how to deal with complex medical situations. Plaintiff is mistaken. As Magistrate Judge Kent correctly concluded, Clinton County had no such policy (ECF No. 139 at PageID.10407). Instead, Clinton County's policy was to have non-medical jail personnel defer to the trained medical personnel (*id.*).

Plaintiff finally alleges Clinton County and Defendants Jerue, Wirth, Faggion, Burdick, Bashmore, and Stout failed to supervise Defendant Becker. The Court discerns no error in Magistrate Judge Kent's analysis and conclusion. Clinton County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). And there is simply no basis for Plaintiff's supervisory liability claims against the individual supervisors.

Hehrer's death presents an obviously sympathetic case. But even a tragic outcome cannot make the non-medical Defendants constitutionally liable for reasonably relying on the assessments

4

of trained medical professionals. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

### III. Supplemental Jurisdiction

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7 (1988); *see also United Mine Workers of Am v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.3d 617, 620 (6th Cir. 1990) (internal quotation omitted).

The Court finds that an exercise of supplemental jurisdiction is not appropriate here. The federal claims have now been dismissed. While this case has proceeded to the summary judgment stage on the state law claims, this Court has not yet ruled on the motions. The medical malpractice claims are governed by Michigan law. Moreover, the parties have filed objections concerning expert witnesses, which are also governed by Michigan law. Michigan state courts are better suited to address questions of Michigan law. Under these circumstances, exercising supplemental jurisdiction does not serve the principles of economy, convenience, fairness, and comity. The

Court, therefore, declines to exercise supplemental jurisdiction over the state law claims. Plaintiff's state law claims can—and should—proceed in state court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 142) are **DENIED** and the Report and Recommendation of the Magistrate Judge (ECF No. 139) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clinton County's Motion for Summary Judgment (ECF No. 118) is **GRANTED**, and the claims against the Clinton County Defendant's are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Officers Jane Does 1-2, Officers John Does 1-5 are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES SUPPLEMENTAL JURISDICTION** over Plaintiff's medical malpractice state law claims, and the claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining pending motions (ECF Nos. 120 and 121); Report and Recommendations (ECF Nos. 144 and 148); and objections (ECF Nos. 152, 153, and 154) are **DISMISSED AS MOOT**.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated:  October 21 , 2024                        /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 United States District Judge